IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 09-80812 |
| FELICIA BOBETTE SHARPE, ) | |
| SSN: XXX-XX-5810 ) | CHAPTER 13 |
| ) | |
| ) | |
| DEBTOR. ) | |
| FELICIA BOBETTE SHARPE, ) | ADVERSARY PROCEEDING |
| ) | |
| PLAINTIFF,) | CASE NO. 11-09005 |
| ) | |
| vs. ) | |
| ) | |
| LITTON LOAN SERVICING, LP ) | |
| ) | |
| DEFENDANT. ) | |

## CONSENT ORDER SETTLING ADVERSARY PROCEEDING

**THIS CAUSE** coming on to be heard and being heard before the undersigned United States Bankrupcy Judge for the Middle District of North Carolina upon request of the Plaintiff in this Adversary Proceeding.

And it appearing to the Court and the Court finding from the record and stipulation of counsel for Plaintiff and Defendant that:

1. Plaintiff filed for bankrupcy protection under Chapter 13 of the United States Bankruptcy Code on May 18, 2009.

2. In the Schedules filed with her Voluntary Petition, Plaintiff listed two (2) outstanding mortgages on Plaintiff's principal residence. The Defendant is the holder or servicer of both outstanding mortgages.

3. The Plaintiff and Defendant agree that at the time of the filing of Plaintiff's bankruptcy case, the Plaintiff's principal residence had a fair market value of not more than approximately ninety eight thousand three hundred forty three dollars and twenty four cents ($98,343.24).

4. The Plaintiff and Defendant agree that there is no value in the Plaintiff's principal residence in excess of the balance owed to the Defendant on the first mortgage.

**NOW, THEREFORE**, based upon the foregoing findings of fact and conclusions of law, and with the consent or all parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. That as of the date of the Plaintiff's bankruptcy petition, there existed no value in Plaintiff's principal residence in excess of the balance owed on the first mortgage; and

2. The Defendant's second mortgage claim be treated in the Plaintiff's Plan as an unsecured claim; and

3. That upon the Plaintiff's discharge and successful completion of her base Chapter 13 case, Defendant is required to mark Defendant's second Deed of Trust as "paid and satisfied" and forward the same to the Durham County Registry for recordation; and

4. Should the Plaintiff fail to complete her base Chapter 13 case and not receive a discharge, Defendant shall be under no obligation to mark Defendant's second Deed of Trust as "paid and satisfied" and said obligation shall remain in full force and effect; and

5. The Plaintiff and Defendant are responsible for the payment of their respective attorneys' fees and costs incurred in the prosecution and defense of this adversary proceeding.

6. The Court retains jurisdiction over this matter.


/s/: Joseph J. Vonnegut  
JOSEPH J. VONNEGUT,  
ATTORNEY FOR Defendant, Litton Loan Servicing, LP

/s/: Edward C. Boltz  
EDWARD C. BOLTZ,  
ATTORNEY FOR PLAINTIFF/DEBTOR, Felicia Bobette Sharpe

# PARTIES TO BE SERVED

Debtor:
Felicia Sharpe
5205 Hadrian Drive
Durham, North Carolina  27703

Attorney for Debtor:
Mr. Edward C. Boltz
The Law Offices of John T. Orcutt, PC
1738-D Hillandale Road
Durham, North Carolina  27705

Trustee:
Mr. Richard M. Hutson, II
302 East Pettigrew Street, Suite B-140
P.O. Box 3613
Durham, North Carolina  27702

Bankruptcy Administrator:
Mr. Michael D. West
P.O. Box 1828
Greensboro, North Carolina  27402

Attorney for Litton Loan Servicing, LP
Joseph J. Vonnegut
The Law Firm of Hutchens, Senter & Britton, P.A.
P.O. Box 2505
Fayetteville, NC  28302